UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RACHEL DEDMON, | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| v. | : | |
| NAVIENT CORPORATION, | : | |
| Defendant. | : | MARCH 25, 2016 |

### NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

Defendant Navient Corporation[1] ("Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, premised on both federal question jurisdiction and diversity jurisdiction to the United States District Court for the District of Connecticut, and as grounds avers the following:

**I.  TIMELINESS OF REMOVAL**

1.   On or about March 22, 2016, Plaintiff Rachel Dedmon ("Plaintiff") filed a civil action against Defendant in the Superior Court of Connecticut, Judicial District of Waterbury at Waterbury, Docket No. UWY-CV16-6030369-S (the "State Court Action.")  Copies of the Summons, Complaint, and Return of Service are attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(d).  These are the only process, pleadings, or other orders known by Defendant to have been served in this action.

---

[1] Defendant is incorrectly identified as "Navient Corporation," as the proper party to this action is Navient Solutions, Inc.

2. The first notice received by Defendant of the State Court Action occurred on or about February 25, 2016 when it was served with the Summons, Complaint and Statement of Amount in Demand referenced above.

3. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Defendant.

## II. VENUE

4. The Superior Court of Connecticut, Judicial District of Waterbury at Waterbury, is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

5. This action is properly removable because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. In the Complaint, Plaintiff alleges, *inter alia*, a claim under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 (Count I.) This Court has original jurisdiction of this civil action because Plaintiff's TCPA claim arises under the Constitution and laws of the United States. 28 U.S.C. §§ 1331, 1441(a).

7. Pursuant to 28 U.S.C. § 1441(c), any and all state law statutory and common law claims alleged by Plaintiff, including but not limited to any claims under the Connecticut Banking Laws, Conn. Gen. Stat. § 36a-645 et seq., and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. ("CUTPA"), may be removed to this Court in accordance with the Court's exercise of supplemental jurisdiction.

IV.   **BASIS FOR REMOVAL: DIVERSITY JURISDICTION**

8.   This action is also properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction under 20 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States. . . ."

A.   **Amount in Controversy.**

9.   In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012). Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (citing *Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

10.   Plaintiff's Complaint contains three counts against Defendant, stating claims for violations of the TCPA (Count I), violations of Connecticut Banking Laws, Conn. Gen. Stat. § 36a-645 et seq. (Count II), and violations of CUTPA (Count III).

11.   Pursuant to each of her claims, Plaintiff seeks, *inter alia*, compensatory damages, damages for emotional distress (Count I), and attorneys' fees. Thus, it is apparent Plaintiff seeks damages well in excess of $75,000. For example, Plaintiff's claim under the TCPA seeks to recover $1,500 per phone call placed to her cellular telephone, and Plaintiff alleges that "in excess of 50 phone calls were made." (Compl. Count I, ¶ 6.) Thus, Plaintiff seeks $75,000 in damages for her TCPA claim alone. Moreover, if Plaintiff is successful on her claim under CUTPA, for which Plaintiff seeks monetary damages and

attorneys' fees, such damages could for that claim could also exceed $75,000. *See Bridgeport Harbor Place I, LLC v. Ganim*, No. X06CV040184523S, 2008 WL 4926925, at *1 (Conn. Super. Ct. Oct. 31, 2008) *aff'd sub nom. Bridgeport Harbour Place I, LLC v. Ganim*, 131 Conn. App. 99, 30 A.3d 703 (2011) (awarding $650,000 in attorney's fees for a CUTPA claim.)

13. Finally, where, as here, attorneys' fees are potentially recoverable pursuant to statute, such fees may also be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012). Given the nature of Plaintiff's claims, her attorneys' fees could exceed $75,000.00.

14. Adding together all the different claims and components of damages Plaintiff may be entitled to if she prevails on her claims, Plaintiff is clearly seeking more than $75,000 in damages. Pursuant to 28 U.S.C. § 1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because, based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**B.  Diversity of Citizenship.**

15. Plaintiff resides at 151 Cornwall Road, Waterbury, CT 06702. (Pl.'s Summons).

16. Defendant is a Delaware corporation, with its principal place of business in Delaware. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

17. Complete diversity of citizenship therefore exists because Plaintiff is a citizen of Connecticut, and Defendant, for purposes of diversity, is a citizen of Delaware.

## V.  CONCLUSION

18. To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

19. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have been served upon counsel for all adverse parties and upon the Clerk of the State Court.

20. By removing this matter, Defendant does not waive or intend to waive any defense that may be available to it.

WHEREFORE, Navient Corporation, by counsel, respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of Waterbury at Waterbury, to the United States District Court for the District of Connecticut.

DEFENDANT,
Navient Corporation

By  */s/ William C. Ruggiero*
William C. Ruggiero (CT29248)
william.ruggiero@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT  06901
Phone: 203.969.3112
Fax: 877.229.7662

Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 25th day of March, 2016.

                                      */s/ William C. Ruggiero*
                                      William C. Ruggiero

24296011.1

# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 300 Grand Street, Waterbury, CT 06702 | ( 203 ) 503-6800 | March 29, 2016 |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Waterbury | Case type code (See list on page 2) Major: T   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Robert M. Singer | 308921 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 203 ) 248-8278 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☐ Yes  ☒ No | Email address for delivery of papers under Section 10-13 (if agreed to) rsingerct@yahoo.com |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Dedmon, Rachel E.  Address: 151 Cornwall Road, Waterbury, CT 06704 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Navient Solutions, Inc.  12601 Edmind Halley Drive, Reston, VA 20190  Address: c/o Corporate Service Company, Agent for Service of Process, 50 Weston St., Hartford, CT 06120 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left Robert M. Singer | Date signed 2/8/16 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |

(Page 1 of 2)  ORIGINAL

| | |
|---|---|
| | SUPERIOR COURT |
| RETURN DATE: MARCH 29, 2016 | JD OF WATERBURY |
| RACHEL DEDMON | AT WATERBURY |
| V | FEBRUARY 8, 2016 |
| NAVIENT CORPORATION | |

COMPLAINT –

COUNT I - TELEPHONE CONSUMER PROTECTION ACT
47 USC 227

1. Rachel Dedmon lives in Waterbury, Connecticut.

2. Ms. Dedmon received numerous phone calls from Navient Corporation.

3. Said phone calls were made using an automatic dialing system.

4. Ms. Dedmon has no business relationship with Navient Corporation.

5. The phone calls were made to the cell phone number of Ms. Dedmon.

6. In excess of 50 automated calls were made to the cell phone number.

7. The calls are forwarded to an answering service paid for by Ms.Dedmon. As a result, Ms. Dedmon incurred charges for said calls.

8. The phone calls resulted in emotional distress to Ms. Dedmon.

9. The plaintiff has been harmed

COUNT II – UNFAIR TRADE PRACTICES ACT – CONSUMER
CREDITOR COLLECTION PRACTICES ACT – CGS 36A-645 et seq.

1. Paragraphs 1 to 9 of Count I are hereby reallaged.

2. Said phone calls were made in regard to an alleged debt.

3. Ms. Dedmon contacted the defendant, in an attempt to stop the harassing and annoying phone calls.

4. Despite contact by Ms. Demon, the defendant continued to make calls to Ms. Dedmon's cell phone numbers.

## COUNT III – UNFAIR TRADE PRACTICES – CGS 42-110a et seq.

1. Paragraphs 1 to 4 of Count II are hereby realleged

2. The actions of the defendant constitute unfair trade practices.

        THE PLAINTIFF

        BY ROBERT M. SINGER, ESQ.
        HER ATTORNEY
        2572 Whitney Avenue
        Hamden, CT 06518
        203-248-8278

WHEREFORE THE PLAINTIFF CLAIMS

1. Money Damages

2. Damages as provided by 27 USC 227 (b)(3)(B) - $500 per violation

3. Damages of $1,500 per violation, for willful or knowing violation, as provided by 27 USC 227 (b)(3)

4. Attorney's fees and costs, as provided by CGS 42-110g.

5. Such other relief as to equity and law may apply

                                  THE PLAINTIFF

                                  _____
                                  BY ROBERT M. SINGER, ESQ.
                                  HER ATTORNEY
                                  2572 Whitney Avenue
                                  Hamden, CT  06518
                                  203-248-8278

DEMAND FOR RELIEF

The amount, legal interest or property in demand is greater than FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000) exclusive of interest and costs.

Dated at Hamden, CT this 8th Day of February, 2016

THE PLAINTIFF

_____
BY ROBERT M. SINGER, ESQ.
HER ATTORNEY
2572 Whitney Avenue
Hamden, CT 06518
203-248-8278

CERTIFICATE OF FINANCIAL RESPONSIBILITY

      I hereby certify that I have personal knowledge of the financial responsibility of the plaintiff and deem it sufficient to pay the costs of this action.

*[signature]*

Commissioner of the Superior Court

Robert M. Singer, Esq.